**BAYVIEW–LOFBERG'S, INC., a Wisconsin corporation, and Cub Foods of Milwaukee, Inc., a Wisconsin corporation, Plaintiffs,**

**v.**

**CITY OF MILWAUKEE, a municipal corporation, Defendant.**

**Civ. A. No. 88–C–1115.**

United States District Court,
E.D. Wisconsin.

April 25, 1989.

Scott B. Fleming and Debra A. Slater of Weiss, Berzowski, Brady & Donahue, for plaintiffs.

Rudolph M. Konrad, Deputy City Atty., for defendant.

### ORDER

REYNOLDS, Senior District Judge.

Plaintiffs filed the above-captioned action alleging that defendant City of Milwaukee's ("the City") denial of plaintiffs' applications for liquor licenses deprived them of due process of law and equal protection in violation of the fourteenth amendment of the United States Constitution and 42 U.S. C. § 1983. The City has moved to dismiss plaintiffs' action on the ground that it fails to state a claim upon which relief can be granted. Plaintiffs have opposed the motion. The court has considered the parties' positions, and will grant the City's motion to dismiss.

Plaintiffs allege that they applied for licenses to sell liquor in their food stores. The City notified plaintiffs that there was a chance the license applications would be denied because of the concentration of alcoholic beverage outlets in the area surrounding the food stores, and cited Milwaukee Ordinance 90–5–8(c)–1–d. Pursuant to Milwaukee Ordinance 90–5–8, plaintiffs were given a hearing before the City's Utilities and Licenses Committee of the Common Council ("the Committee"), and evidence

was presented solely on the issue of the over-concentration of licensed establishments in the area. Following the hearing, the Committee recommended that plaintiffs' applications be denied, and the Common Council accepted the Committee's recommendation.

Plaintiffs allege that the City's Ordinance 90–5–8(c)–1–d violates plaintiffs' due process rights because the ordinance's provisions:

> contain terms that are incapable of intelligible or precise meaning; subject liquor license applicants to arbitrary, and wholly discretionary, administrative decisions as to what constitutes "over-concentration" of licensed establishments in the "neighborhood"; provide no ascertainable standards to which liquor license applicants can seek to comply; create a system of liquor license application approvals and denials based upon the whim and caprice of aldermanic privilege; and are vague and ambiguous.

(Complaint, ¶ 24). Plaintiffs also allege that Ordinance 90–5–8(c)–1–d creates a perpetual classification of license holders not subject to its requirements without a rational basis for the classification. (Complaint, ¶¶ 29 and 30).

The City contends that plaintiffs' action must be dismissed because plaintiffs have not been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States. The City argues that denial of a liquor license does not constitute a deprivation of a right to either property or liberty and, thus, is not protected by the United States Constitution. The plaintiffs appear to agree that there is no deprivation of a liberty interest; however, the plaintiffs argue that the City's ordinances regulating liquor and tavern licensing creates a property interest in the liquor license.

An action brought under 42 U.S.C. § 1983 has two elements: 1) the conduct complained of must have been committed by a person acting under color of state law, and 2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). The parties do not dispute that the City's denial of plaintiffs' liquor license applications was an action taken under color of law; therefore, the only issue before the court on the City's motion to dismiss is whether plaintiffs have been deprived of any right, privilege or immunity secured by the Constitution or laws of the United States.

The sale of alcoholic beverages in Wisconsin is governed by Chapter 125 of the Wisconsin Statutes. Section 125.51(1)(a) provides that:

> [e]very municipal governing body may grant and issue Class A and Class B licenses for retail sales of intoxicating liquor from premises within the municipality to persons entitled to a license under this chapter as the issuing municipal governing body deems proper.

The Wisconsin Supreme Court has held that Chapter 125 does not confer any right to an alcoholic beverage license, and that the issuance of a license is a matter of local concern. *State ex rel. Smith v. City of Oak Creek*, 139 Wis.2d 788, 800–01, 407 N.W.2d 901 (1987). The Seventh Circuit Court of Appeals has also found that Chapter 125 does not establish substantive criteria for the granting of a liquor license and, therefore, is not "property" within the meaning of the due process clause of the fourteenth amendment. *Scott v. Village of Kewaskum*, 786 F.2d 338 (7th Cir.1986).

Plaintiffs acknowledge that Chapter 125 does not create a property interest protected by the due process clause of the fourteenth amendment; however, plaintiffs argue that the City's Ordinance 90–5–8 has established nondiscretionary, substantive criteria for the issuance of a license which has created a property interest in the license. The City disagrees with plaintiffs' interpretation of the ordinance and argues that the granting of a liquor license under the ordinance appeals to the Committee's discretion and therefore does not create a property interest.

To have a property interest in the liquor license, plaintiffs must have a legitimate

claim of entitlement to it. "This means an entitlement that stands or falls on the application of rules to facts. To the extent a request appeals to discretion rather than to rules, there is no property." *Scott*, 786 F.2d at 339–40. Therefore, the determinative issue on plaintiffs' motion to dismiss is whether the City's Ordinance 90–5–8 leaves the granting of a liquor license application to the Committee's or Common Council's discretion, or whether the ordinance establishes criteria which, if met, entitle the applicant to a liquor license.

Milwaukee Ordinance 90–5–8 provides that the Committee shall hold a hearing on each new license application and that if there is a possibility that the application may be denied, the applicant must be given at least 3 days notice of the hearing. At the hearing, the Committee must advise the applicant that the applicant has the option to proceed with a due process hearing, or to simply make a statement to the Committee. Following the hearing, the Committee makes recommendations as to whether the license should be granted. Milwaukee Ordinance 90–5–8(c) governs the recommendations and provides in pertinent part:

c. Recommendations. c–1. The recommendations of the committee regarding the applicant must be based on evidence presented at the hearing. Probative evidence concerning whether or not the license should be granted may be presented on the following subjects:

c–1–a. Whether or not the applicant meets the statutory and municipal requirements.

c–1–b. The appropriateness of the location and premises to be licensed.

c–1–c. Whether such location will create undesirable neighborhood problems.

c–1–d. Whether there is an overconcentration of licensed establishments in the neighborhood.

c–1–e. Whether or not the applicant has been charged with or convicted of any felony, misdemeanor, municipal offense, or other offense, the circumstances of which substantially relate to the licensed activity.

c–1–f. Any other factors which reasonably relate to the public health, safety and welfare.

It is this section of the ordinance which plaintiffs claim defines the criteria which create the property interest. Plaintiffs' claim has no merit.

Milwaukee Ordinance 90–5–8 contains nondiscretionary language regarding the process the Committee must follow in deciding whether or not to grant an application for a liquor license; namely, a hearing must be held, the applicant must be notified if the license might be denied, and the committee's recommendation on whether to grant or deny the license must be based on the evidence presented at the hearing. However, Milwaukee Ordinance 90–5–8, and in particular subsection c, contains discretionary language regarding the substance of the decision to grant or deny a liquor license. Subsection c of the ordinance lists several factors which the Committee *may* raise at the hearing as reasons for denying the license application. The Committee does not appear to be limited to raising these factors only, and does not appear to be required to deny an application when any of these factors are present.

The court concludes that the ordinance does not establish any criteria which, if met, entitle the applicant to a liquor license. Since the reasons for denying a liquor license application are left to the discretion of the Committee and the Common Council, the plaintiffs do not have a property interest in the liquor license and plaintiffs' complaint fails to state a claim upon which relief can be granted. Therefore, the court will grant the City's motion to dismiss.

IT IS THEREFORE ORDERED that defendant City of Milwaukee's motion to dismiss is granted.