**BAYVIEW–LOFBERG'S, INC., a Wisconsin Corporation, and Cub Foods of Milwaukee, Inc., a Wisconsin Corporation, Plaintiffs–Appellants,**

v.

**CITY OF MILWAUKEE, a municipal corporation, Defendant–Appellee.**

No. 89–2075.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 13, 1989.

Decided June 11, 1990.

As Amended June 13, 1990.

Scott Fleming, Debra Slater, Weiss, Berzowski, Brady & Donahue, Milwaukee, Wis., for plaintiffs-appellants.

Rudolph M. Konrad, Thomas Beamish, Office of the City Atty., Milwaukee, Wis., for defendant-appellee.

Before WOOD, Jr., COFFEY and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

Bayview–Lofberg's, Inc. and Cub Foods of Milwaukee, Inc. appeal the order of the district court dismissing their complaint, filed pursuant to 42 U.S.C. § 1983, against the City of Milwaukee for failure to state a claim. 710 F.Supp. 1267. We affirm.

## I.

## BACKGROUND

Bayview–Lofberg's Inc. and Cub Foods of Milwaukee, Inc. ("Stores") each filed applications for liquor licenses with the City of Milwaukee in July 1987. Bayview–Lofberg's was denied a license by the Milwaukee Common Council in November 1987. Cub Foods was denied a license by the Common Council in March 1988. Both applications had been presented to the Common Council's Utilities and Licenses Committee ("Committee"), which, after hearings, recommended denial of the license applications.

Evidence presented at both of the hearings related solely to the issue of overconcentration of liquor-selling establishments in the respective neighborhoods. Ordinance § 90–5–8(c–1–d) lists overconcentration as one of several relevant issues which can be considered at such hearings.

Based upon the evidence presented at the hearings, the Committee recommended denial of the Stores' respective liquor license applications because of the overconcentration of liquor-selling establishments in the respective neighborhoods. The Committee's recommendations were adopted by the Common Council in its ultimate denials of the applications.

In October 1988 the Stores filed suit against the City of Milwaukee pursuant to 42 U.S.C. § 1983, alleging violations of their equal protection and substantive due process rights as provided by the fourteenth amendment to the United States Constitution. In their due process claims, the Stores alleged that the Milwaukee ordinances entitled them to liquor licenses after completion of the procedural requirements and the hearing, and that the Common Council had no discretion to deny the applications. The Stores claim that the recommended denial of their applications by the Common Council Committee and the actual denial by the Common Council itself violated their substantive due process rights as guaranteed by the fourteenth amendment. The equal protection claims referred to provisions wherein persons who held liquor licenses prior to the enactment of these ordinances were allegedly not required to meet the same standards as applicants for new licenses.

The trial judge dismissed the Stores' complaint for failure to state a claim. The judge found that the Milwaukee Ordinances regarding the issuance of liquor licenses utilizes discretionary rather than mandatory language, and concluded that there is no constitutionally protected property interest in a liquor license pursuant to *Scott v. Village of Kewaskum*, 786 F.2d 338, 339–40 (7th Cir.1986). Without a property interest, there was no basis for the Stores' action under 42 U.S.C. § 1983.

On appeal, the Stores argue that the filing of a properly completed application and the payment of fees to the City entitled them to a liquor license because the City of Milwaukee Ordinances dealing with the issuance of liquor licenses allow no discretion on the part of the Committee nor the Common Council of the City of Milwaukee in granting or denying the license. They claimed in the trial court, and now on appeal, that the Common Council's denial of their liquor license applications improperly deprived each of them of a property interest, thus violating their rights to due pro-

cess. This due process violation forms the basis of their § 1983 action.[1]

## II.

## DISCUSSION

An action brought under 42 U.S.C. § 1983 has two elements. (1) The action must have been under color of state law, and (2) the action complained of must have deprived a person of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. *Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir.1989). There is no dispute that the City's actions in denying the licenses were taken under color of state law, since the power to grant or deny liquor licenses is granted to the municipalities by the state.

> "To satisfy the second element in a § 1983 action based on due process, the plaintiff must demonstrate: (1) that the claimed interest is a property or liberty interest under the fourteenth amendment; (2) that 'the alleged loss ... amounted to a deprivation'; and (3) that the deprivation was without due process of law."

*Id.; see also Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981), *overruled on other grounds Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Initially, we must address whether the Milwaukee ordinances, in conjunction with the Wisconsin Statutes, create a constitutionally protected property interest in the possession of a liquor license after the applicants have done no more than file their completed applications.

The granting of a license to sellers of alcoholic beverages under Wisconsin law is left to the discretion of municipalities.

> "Every municipal governing body may grant and issue ... licenses for retail sales of intoxicating liquor from premises within the municipalities to persons entitled to a license under this chapter *as the issuing municipal governing body deems proper.*"

Wisconsin Statutes § 125.51(1)(a) (1987) (emphasis added). The statute in question leaves a great deal of discretion to the municipalities with the incorporation of the language "as the issuing municipal governing body deems proper." This court has previously applied a due process analysis to the determination of whether Wisconsin's statute regarding liquor licensing creates a property interest. *Scott v. Village of Kewaskum*, 786 F.2d 338 (7th Cir.1986). "No one has an entitlement to be 'deemed proper'; no fact or set of facts creates a right to a license." *Id.* at 340. We held that Wisconsin Statute § 176.05(1) (now § 125.51(1)(a)) does not create a right to a liquor license, and that there is no property interest created by the filing of a completed application under the state statute.

The Wisconsin Supreme Court has stated that this statute does not create a "right" to an alcohol beverage license. "Both [the] statute and the case law of our state ... provide that there is no right to an alcoholic beverage license and that the ultimate question of whether to issue such a license to a particular applicant is a matter of local concern." *State ex rel. Smith v. City of Oak Creek*, 139 Wis.2d 788, 800–01, 407 N.W.2d 901, 906 (1987).

The Stores do not dispute the fact that the Wisconsin statute alone creates no property interest based upon a properly completed application. However, they contend that Milwaukee's ordinance implementing the state statute provides for no discretion on the part of the Milwaukee Common Council. The Stores claim that they meet all of the statutory and municipal requirements, and that a properly completed application to the City of Milwaukee creates an entitlement to a liquor license. The Stores claim that their entitlement to a liquor license creates a property interest, and that the deprivation of that property interest by the denial of their application is

---

1. The Stores have not pursued their equal protection argument on appeal. They have urged this court to reverse the decision of the lower court solely on the basis of the substantive due process issue; thus, we will not discuss the equal protection issues which were alleged in the complaint.

a violation of substantive due process and thus actionable under 42 U.S.C. § 1983.

The determination of whether there is a property interest after the filing of an application is contingent upon whether the Common Council is vested with discretion in the granting of the license pursuant to the language of the ordinance.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). This means an entitlement that stands or falls on the application of rules to facts. To the extent a request appeals to discretion rather than rules, there is no property."

*Scott*, 786 F.2d at 339–40. "Viewed functionally, property is what is securely and durably yours under law, as distinct from what you hold subject to so many conditions as to make your interest meager, transitory, or uncertain." *Id.* at 340; *Reed v. Village of Shorewood*, 704 F.2d 943, 948 (7th Cir.1983).

The Common Council of Milwaukee approves or denies the granting of a license for the sale of liquor after a hearing before the Utilities and Licenses Committee and after the Committee's recommendation has been forwarded to and acted upon by the Common Council. Milwaukee City Ordinances §§ 90–5–8(a–1) and (b–1) guarantee an applicant for a liquor license the opportunity for a "due process hearing" if there is a possibility that the committee might deny the license.[2] Ordinance § 90–5–8(c–1) states that the committee's recommendation regarding the application must be based on evidence presented at the hearing. On appeal, the Stores do not dispute the fact that the hearings were held with all of their requisite procedural due process attributes.

In order to obtain a liquor license in the City of Milwaukee, there are several preliminary procedural requirements, such as the filing of the application, payment of the application fee, and the applicant (or the officers of the applicant, if the applicant is a corporation) submitting to fingerprinting. *See* Milwaukee Ordinances §§ 90–5–1 to 90–5–6. After these procedural requirements have been completed, a hearing is held before the proper Common Council committee vested with the responsibility of recommending to the Common Council as a whole whether a license should be granted or denied. Milwaukee Ordinance § 90–5–8(c–1) lists the factors which the Committee *may* consider at the hearing.

"c. Recommendations. c–1. The recommendations of the committee regarding the applicant must be based on evidence presented at the hearing. Probative evidence concerning whether or not the license should be granted may be presented on the following subjects:

\*   \*   \*   \*   \*   \*

c–1–b. The *appropriateness* of the location and premises to be licensed.

c–1–c. Whether such location will create *undesirable* neighborhood problems.

c–1–d. Whether there is an *overconcentration* of licensed establishments in the neighborhood.

\*   \*   \*   \*   \*   \*

c–1–f. Any other factors which reasonably relate to the public health, safety and welfare."

Milwaukee Code of Ordinances § 90–5–8(c–1) (emphasis added).

Our reading of the ordinance in question convinces us that the ordinance does not establish substantive criteria which, if met, automatically entitle an applicant to a liquor license. Without substantive criteria, no property interest is created within the

---

**2.** The ordinances require a committee hearing on all new licenses, but § 90–5–8(b–1) only requires the protections of due process when there is a possibility of denial of the application by the committee. There is no indication in the record of how the Milwaukee City Clerk determines that there is a possibility of denial of the application.

meaning of the due process clause. *Scott*, 786 F.2d at 340. The words "appropriateness," "undesirable," and "overconcentration," as well as the general welfare clause in the ordinance are evidence of the discretion vested in the Committee regarding the nature of the decision to be made in evaluating an application before forwarding a recommendation to the Common Council. The application of these factors calls upon the Committee to review and exercise discretion and judgment.

Section 90-5-8(c) of the Code of Ordinances of the City of Milwaukee allows the Utilities and Licenses Committee of the Common Council to utilize discretion in deciding whether to grant or deny a license for the sale of liquor. Thus, we hold that there is no property interest, protectable under the due process clause of the fourteenth amendment, created by the ordinances on behalf of the applicant after simply completing the application and complying with the non-discretionary portions of the licensing ordinances and statutes. Consequently, the Stores have failed to establish that they were deprived of a constitutionally protected property interest, and the second element of a cause of action under 42 U.S.C. § 1983 is not satisfied. Thus, we hold that the Stores' complaint filed with the district court based upon § 1983 contained no cause of action under the law. The district court properly granted the City's motion to dismiss for failure to state a claim upon which relief can be granted. The order of the district court is

AFFIRMED.